**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| | : | |
| | : | **No. 07-4369** |
| **v.** | : | |
| | : | **CRIMINAL ACTION** |
| | : | |
| **DONALD WOMACK** | : | **No. 03-153-04** |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                    **March 5, 2008**

The defendant, who  pled guilty to conspiracy to commit robbery and attempted Hobbs Act robbery, has filed a *pro se* motion under 28 U.S.C. § 2255, alleging that his attorney was ineffective.  He contends that his attorney allowed him to plead guilty even though there was an insufficient interstate nexus providing federal jurisdiction, and failed to object that his sentence was unlawful.

The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence, in his plea agreement.

The defendant did knowingly and voluntarily waive his right to collaterally attack his sentence.  Upholding the waiver will not result in a miscarriage of justice.  Even if there were no valid waiver, the defendant's claims fail on the merits.  Therefore, the government's motion to dismiss the motion will be granted and the defendant's motion will be dismissed.

**Procedural History**

The defendant was charged in a superseding indictment on April 10, 2003, with one count of conspiracy to commit robbery affecting interstate commerce, 18 U.S.C. §371, and

one count of attempted robbery, 18 U.S.C. §1951(a).  On June 9, 2004, pursuant to a written plea agreement, the defendant entered a guilty plea.  The agreement included a waiver of appellate rights, including a waiver of his right to pursue a collateral attack through a habeas motion to vacate, set aside or modify his sentence.  The defendant limited his right to appeal to three instances.  He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, or the sentencing judge erroneously departed upward from the sentencing guideline range.

Almost four months later, on September 30, 2004, the defendant filed a motion to withdraw his guilty plea.  After a hearing on the motion at which the defendant testified, the motion was denied.

On June 28, 2006, the defendant was sentenced to 151 months imprisonment.  He filed a timely notice of appeal with the Third Circuit Court of Appeals.  On December 21, 2006, the Third Circuit granted the government's motion to enforce the appellate waiver and dismissed the defendant's appeal for lack of jurisdiction.

On October 18, 2007, the defendant filed his *pro se* motion under 28 U.S.C. § 2255.  In response, the government again relies on the appellate waiver, asking that the motion be dismissed.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice.  *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001).  A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits."  *Id*. at 561.

2

A waiver may be invalidated in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. Analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors. *Khattak*, 273 F.3d at 563. Relevant factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id*.; *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001). While noting that it "chose not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id*. at 563.

Only where the petitioner claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver in a motion under 28 U.S.C. § 2255 *United States v. White*, 307 F.3d 336, 337 (5th Cir. 2002); *United States v. Clark*, No. 05-2201, 2006 WL 1096157 at *2 (3d Cir. Apr. 26, 2006). Thus, all other ineffectiveness contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provisions waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. After being advised of the waiver during the guilty plea colloquy, the defendant demonstrated his understanding of the consequences of the waiver.

In his motion, the defendant contends that he entered the plea agreement

unknowingly.  He does not claim that he did not understand the waiver.

At the outset of the plea hearing, the defendant was instructed to interrupt and ask for clarification of any question or explanation that he did not understand.  He was also told he could consult with his attorney at any time during the proceeding.  He acknowledged that he was under oath and that he knew the consequences of lying.

At his guilty plea, the defendant was specifically advised of his appellate rights and his right to collaterally attack his sentence by a habeas petition.  He acknowledged that he had these rights and was relinquishing them.  He confirmed that his decision to plead guilty was voluntary and he was pleading guilty of his own free will.  He also stated that he was satisfied with this attorney's representation.  At no time during the guilty plea colloquy or sentencing did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty.  Prior to accepting the plea, I found that the defendant's willingness to enter a guilty plea was voluntary and he had a full understanding of his right to go to trial.  Thus, the defendant's appellate waiver was knowing and voluntary.

Justice will not be compromised by enforcing the waiver.  The defendant does not claim that he is factually innocent.  He implies that there was no basis for the exercise of federal jurisdiction.  He does not contend that he did not conspire to commit the robbery and participate in the attempted robbery.  Indeed, at the plea hearing, he admitted his role in the criminal offenses.

The defendant was sentenced to 151 months, a sentence within the applicable range.  At no time during the sentencing hearing did he raise any objections.  At the close of the sentencing hearing, the defense attorney advised the defendant of his appellate

4

rights, including the appellate waiver.

Because the waiver was knowing and voluntary, it must be enforced. The government did not appeal the sentence, the sentence was within the guideline range and did not exceed the statutory maximum. The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, absent ineffectiveness of counsel that caused the defendant to waive his appellate rights, the waiver will be upheld.

### Ineffective Assistance of Counsel

Even if the appellate waiver were invalid, the defendant's claims fail on the merits. He argues that his counsel was ineffective because his attorney should not have allowed him to plead guilty because there was no affect on interstate commerce. He also makes an unspecified challenge to his sentence.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair trial. *Strickland  v. Washington*, 466 U.S. 668, 687 (1984).

The defendant cannot demonstrate that his attorney's performance was deficient. There was a factual basis for the guilty plea containing all of the elements of the offenses. The elements of the two offenses were set forth by the prosecutor and the defendant stated that he understood them. He did not ask for any clarification or register any confusion about them.

The prosecutor then recited the evidence the government was prepared to present

5

at a trial.  The proffered evidence established an independent factual basis for the guilty plea and satisfied each of the elements of the two offenses to which the defendant pleaded guilty.  At the conclusion of the recitation, the defendant agreed that what the prosecutor described had happened, and that he had done what the prosecutor said he had.

The defendant admitted that he had participated in the planning and the execution of an attempted home invasion robbery of a drug dealer which would have netted both drugs and cash. Such robberies do affect interstate commerce and may be prosecuted under the Hobbs Act.  *United States v. Fabian*, 312 F. 3d 550 (2d Cir. 2002); *United States v. Bailey*, 227 F. 3d 792 (7th Cir. 2000).Thus, the defendant has not demonstrated deficient performance or prejudice.

The defendant also argues that his counsel was ineffective because he did not raise a double jeopardy argument at sentencing.  A review of the sentencing hearing reveals no possible issue that defense counsel could have argued that had any bearing on a double jeopardy issue.

## Conclusion

The defendant's appellate waiver was knowing and voluntary, and enforcing it will not work a miscarriage of justice.  Even if the waiver were invalid, the defendant's claims of ineffectiveness of counsel are meritless.   Therefore, the petitioner's motion will be dismissed.